**AFFIRMED and Opinion Filed July 29, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00063-CV

**MOSHE FELDHENDLER AND LEAH FELDHENDLER, Appellants**
**V.**
**JULIE BLASNIK AND ALL OCCUPANTS OF 6608 CRESTLAND**
**AVENUE DALLAS, TEXAS 75252, Appellees**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-02486-2019**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Goldstein

Landlords Moshe and Leah Feldhendler appeal the trial court's judgment that

they take nothing on their claims against tenant Julie Blasnik. In four issues, the

Feldhendlers argue the trial court erroneously analyzed the underlying property lease

under property code section 92.006(e) instead of section 92.006(f); the trial court

erred in its analysis of paragraph 18 of the underlying lease; assuming the trial court

erred in its interpretation of the law and the underlying lease, the trial court further

erred in finding that Blasnik was not guilty of forcible detainer; and the trial court

erred in failing to affirm a prior judgment of the justice court. We affirm the trial court's judgment.

On June 28, 2018, the Feldhendlers and Blasnik entered into a Texas Association of Realtors form residential lease of the underlying property in Dallas. Among other things, the lease provided that the landlords could apply funds received from the tenant to non-rent obligations, including repairs, before applying the funds to rent. Regarding repair requests, the lease provided the following:

> Repair Requests: All requests for repairs must be in writing and delivered to Landlord. If Tenant is delinquent in rent at the time a repair notice is given, Landlord is not obligated to make the repair. In the event of an emergency related to the condition of the Property that materially affects the physical health or safety of an ordinary tenant, Tenant may call Landlord or, if applicable, the property manager . . . . Ordinarily, a repair to the heating and air conditioning system is not an emergency.

Regarding repair costs, paragraph 18(D) of the lease provided the following:

> (1) Except as otherwise specified in this lease, Landlord will pay to repair or remedy conditions in the Property in need of repair if Tenant complies with the procedures for requesting repairs as described in this Paragraph 18. This includes, but is not limited to, repairs to the following items not caused by Tenant or Tenant's negligence:
>
> > (a) heating and air conditioning systems;
> > (b) water heaters; or
> > (c) water penetration from structural defects.
>
> (2) Landlord will NOT pay to repair the following items unless caused by Landlord's negligence:
>
> > (a) conditions caused by Tenant, an Occupant, or any guest or invitee of Tenant;
> > (b) damage to doors, windows, and screens;
> > (c) damage from windows or doors left open;

(d) damage from wastewater stoppages caused by foreign or improper objects in lines that exclusively serve the Property;
(e) items that are cosmetic in nature with no impact on the functionality or use of the item; and
(f) the following specific items or appliances: _____.

Blasnik completed a walk-through of the property and filled out a Residential Lease Inventory and Condition Form. Blasnik made "Move-In Comments" on the condition of many items in the property, but she did not comment on the condition of the windows.

After Blasnik moved in, the Feldhendlers received notice from the city that a window was broken at Blasnik's apartment and a fence was leaning. The Feldhendlers had the broken window repaired and sent a bill to Blasnik for $450. When Blasnik did not pay the bill, the Feldhendlers deducted the amount of the repair from Blasnik's rent payment the following month and affixed a notice to vacate to Blasnik's door.

On June 25, 2019, the Feldhendlers filed a petition for forcible detainer in justice court alleging that Blasnik failed to pay for the cost of repair to a broken window; Blasnik failed to pay the $450 charge; and the Feldhendlers deducted that amount from Blasnik's June 2019 rent payment, thereby causing Blasnik's June 2019 rent payment to be $450 below the total amount due. The Feldhendlers sought an order granting them the right to possession of the property and attorney's fees. The justice court entered judgment for the Feldhendlers and awarded them $450 in

back rent and $121 in court costs. The justice court did not award the Feldhendlers possession of the property. Blasnik appealed the justice court judgment to Collin County Court at Law.

At trial in October 2019, Moshe Feldhendler testified the window was not broken when Blasnik moved in, and Blasnik did not list a broken window on the inventory and condition form. Feldhendler testified Blasnik did not request repair of the window, and the window "was required to be replaced by the city after it was broken." When asked what provision in the lease required Blasnik to pay for the repair of the window, Feldhendler indicated the provision that "landlord will not pay to repair the following items unless caused by landlord's negligence" and the inclusion of "damage to the windows" under this provision.

Blasnik testified the break in the window at issue was "in the master bedroom behind curtains and behind blinds, kind of high up." The curtains and blinds were provided by the landlord, and they were in place at the time Blasnik filled out the inventory and condition form. Blasnik testified that, while she lived at the property, there had been storms, and she sustained hail damage to her car. At the conclusion of trial, the judge found in favor of Blasnik and awarded her attorney's fees.

On November 8, 2019, the trial court held a hearing on the Feldhendlers' motion for reconsideration. At the outset of the hearing, the trial court noted that the Feldhendlers argued in their motion that the trial court's "sole reason" for its ruling was property code section 94.206. The trial court stated this was "incorrect" and the

trial court "never said that was the sole reason." Counsel for the Feldhendlers argued the lease followed the provisions of property code section 92.006(f) for shifting the responsibility for the costs of repairs from landlord to tenant. Counsel for Blasnik argued that nothing in the lease required the tenant to "pay for things that were not caused by the tenant."

On November 21, 2019, the trial court signed a judgment ordering that the Feldhendlers take nothing, Blasnik remain in possession of the property, and Blasnik recover $5892.50 in attorney's fees. On January 15, 2020, the trial court entered findings of fact and conclusions of law finding, among other things, that Blasnik never made a request to have the window repaired, and nothing in the lease required Blasnik to pay for repairs to the property that were not requested by her and not caused by her negligence. The trial court concluded, in relevant part, that the lease did not require Blasnik to pay for the broken window, the Feldhendlers failed to establish they met the requirements of property code section 92.006, and the lease did not require Blasnik to pay for repairs to the property that were not requested by her and were not caused by her negligence, carelessness, accident, and/or abuse. This appeal followed.

Because it is dispositive of the appeal, we first address the Feldhendlers' argument that the lease made Blasnik responsible to pay to repair the broken window, and the trial court's judgment to the contrary renders property code section 92.006(f) and paragraph 18(D)(2) of the lease meaningless. In making these

arguments, the Feldhendlers challenge the trial court's findings of fact and conclusions of law.

We review findings of fact for factual and legal sufficiency. *See Wells Fargo Bank, N.A. v. HB Regal Parc, LLC*, 383 S.W.3d 253, 260 (Tex. App.—Dallas 2012, no pet.). When, as here, a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which it has the burden of proof, that party can prevail only if it demonstrates that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). We reverse the ruling for factual insufficiency of the evidence only if the ruling is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We review de novo the trial court's legal conclusions based on the findings of fact to determine their correctness. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

Section 92.006(f) of the property code "specifically authorizes the parties to shift by contract costs of repairs for certain damages from the landlord to the tenant irrespective of whether the damage was caused by the tenant." *Philadelphia Indem. Ins. Co. v. White*, 490 S.W.3d 468, 481 (Tex. 2016) (quoting *Churchill Forge, Inc. v. Brown*, 61 S.W.3d 368, 372–73 (Tex. 2001)). In arguing that paragraph 18(D) of the lease at issue here required Blasnik to pay for the window repair, the

Feldhendlers cite *Churchill Forge* extensively. However, the leases in both *Churchill Forge* and *White* provided in relevant part:

> Unless the damage or wastewater stoppage is due to our negligence, we're not liable for–*and you must pay for*–repairs, replacements and damage to the following if occurring during the Lease Contract term or renewal period: (1) damage to doors, windows, or screens . . . .

*See White*, 490 S.W.3d at 472; *Churchill Forge*, 61 S.W.3d at 370 (emphasis added).[1] The lease in this case omits the "and you must pay for" language. Thus, neither *White* nor *Churchill Forge* is instructive here because the lease in this case only states that the landlord "will NOT pay to repair . . . damage to doors, windows, and screens"; the lease does not specifically require or shift the burden to the tenant to pay for any repairs to doors, windows, or screens. The parties *might* have imposed on Blasnik the responsibility to pay for repairs to doors, windows, or screens, but they included no such language in the lease. Further, Blasnik did not request the repair of the window, and there was no evidence presented that Blasnik knew the window was broken. Instead, the city, a third party not mentioned in the lease, required the repair. Under the particular facts and circumstances of this case, we conclude, as did the trial court, that the evidence established the lease did not require Blasnik to pay for the broken window, the Feldhendlers failed to establish they met

---

[1] The section of the Texas Property Code relied upon by the Feldhendlers also specifically requires language mandating the duty to pay. TEX. PROP. CODE § 92.006(f) (A landlord and tenant may agree that, except for those conditions caused by the negligence of the landlord, *the tenant has the duty to pay for repair* of the following conditions that may occur during the lease term or a renewal or extension…(2) damages to doors, windows, or screens…) (emphasis added). We therefore decline to find ambiguity.

the requirements of property code section 92.006, and the lease did not require Blasnik to pay for repairs to the property that were not requested by her and were not caused by her negligence, carelessness, accident, or abuse. *See Marchand*, 83 S.W.3d at 794. Because of our disposition of these issues, we need not further address the Feldhendlers' issues.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200063F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MOSHE FELDHENDLER AND
LEAH FELDHENDLER, Appellants

No. 05-20-00063-CV     V.

JULIE BLASNIK AND ALL
OCCUPANTS 6608 CRESTLAND
AVENUE DALLAS, TEXAS 75252,
Appellees

On Appeal from the County Court at
Law No. 1, Collin County, Texas
Trial Court Cause No. 001-02486-
2019.
Opinion delivered by Justice
Goldstein. Justices Pedersen, III and
Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JULIE BLASNIK AND ALL OCCUPANTS 6608 CRESTLAND AVENUE DALLAS, TEXAS 75252 recover their costs of this appeal from appellant MOSHE FELDHENDLER AND LEAH FELDHENDLER.

Judgment entered this 29th day of July 2022.